UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ACKEA GIBSON** | **CASE NO. 3:21-CV-03248 (LEAD)** |
| | **CASE NO. 3:21-CV-03249 (MEMBER)** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **AMGUARD INSURANCE CO ET AL** | **MAG JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Summary Judgment [Doc. No. 24] filed by Defendants AmGUARD Insurance Co. ("AmGUARD"), LLC Trucking Inc. ("LLC"), and Aliesky Diaz Perez ("Perez"). An Opposition [Doc. No. 26] was filed by Plaintiff, Renatta Phillips ("Phillips") and a Reply [Doc. No. 28] was filed by AmGUARD, LLC, and Perez.

For the reasons set forth herein, the Motion for Partial Summary Judgment [Doc. No. 24] filed by AmGUARD, LLC, and Perez is **GRANTED**.

**I.    BACKGROUND**

At issue herein is whether Phillips can simultaneously pursue both a negligence cause of action against Perez and a direct negligence claim for LLC's alleged negligence in hiring, training, supervision, retention, and entrustment of Perez when LLC stipulated that Perez was, at the time of the accident, in the course and scope of his employment with LLC.

This lawsuit arises from a two-vehicle collision on I-20 West near La. 583 in Richland Parish, Louisiana, on August 31, 2020. The accident involved a 2006 Hyundai Tiburon owned and operated by plaintiff Phillips, in which Ackea Gibson ("Gibson") was a passenger, and a 2005 Volvo tractor-trailer rig owned by LLC and operated by Perez.

Phillips asserts negligence claims on the part of Perez for his operation of the vehicle, the liability of LLC under the theory of *respondeat superior* and the direct negligence of LLC in the hiring, training, retention, and supervision of Perez and/or negligent maintenance of the Volvo tractor-trailer.

In their Motion for Partial Summary Judgment, AmGUARD, LLC, and Perez maintain Phillips cannot simultaneously maintain both *respondeat superior* claims and claims of direct negligence against LLC.

## II.     LAW AND ANALYSIS

### A.  Motion for Summary Judgment

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247).  "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002).  Thereafter, if the non-movant is

unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

**B.     Simultaneously Independent Causes of Action**

In diversity cases such as this, federal courts must apply state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79, 58 S. Ct. 817, 82 L. Ed 1188 (1938). In Louisiana, the

principle of vicarious liability provides employers are "answerable for the damage occasioned" by their employees when the employees are exercising the functions of their employment. La. Civ. Code art. 2320. Vicarious liability in the employment context imposes liability upon the employer without regard to the employer's negligence or fault. *Sampay v. Morton Salt Co.*, 395 So. 2d 326 (La. 1981). In such cases, the liability of the employer is derivate of the liability of the employee. *Narcise v. Illinois Cent. Gulf Rail Co.,* 427 So. 2d 1192 (La. 1983).

AmGUARD, LLC, and Perez argue that three Louisiana appellate courts[1] and all three Louisiana federal courts[2] have applied Louisiana state law to bar these claims once the defendant-employer admits that its employer was in the course and scope of his employment at the time the employee's alleged negligence occurred.

In opposition, Phillips argues specific language of Louisiana Civil Code Article 2323, governing comparative fault, warrants a different result. Phillips also argues that since the Louisiana Supreme Court has recognized claims of negligent hiring, training, and supervision as stand-alone causes of action distinct from the theory of vicarious liability,[3] she should be allowed to pursue both claims simultaneously.

Phillips also cites two cases[4] which held that a plaintiff could simultaneously pursue both actions.

---

[1] *Wheeler v. United States Fire Ins. Co*., 2019 WL 2612903 (La. App. 1st Cir. 2019); *Landry v. National Union Fire Ins. Co. of Pittsburg*, 289 So. 3d 177 (La. App. 5th Cir. 2019); *and Libersat v. J&K Trucking, Inc.* 772 So.2d 173, La. App. 3rd. Cir. 2001) writ denied 789 So. 2d 598 (La. 2001).
[2] *Dennis v. Collins*, 2016 WL 6637973 (W.D. La. November 9, 2016); *Wilcox v. Harco International Insurance*, 2017 WL 2772088 (M.D. La., June 26, 2017); and *Wright v. National Interstate Inc. Co.,* 2017 WL 5157537, (E.D. La. November 7, 2017).
[3] *Harris v. Pizza Hut of Louisiana*, *Inc.*, 455 So. 2d 1364 (La. 1984).
[4] *Gordon v. Great West Cas. Co*., 2020 WL 3472634 (W.D. La., June 25, 2020); and *Roe v. Safety Natural Cos. Corp*. 2020 WL 3477071 (W.D. La. June 25, 2020).

This Court has addressed this issue on four prior occasions,[5] all resulting in the dismissal of the negligent entrustment claims against the employer.

The Louisiana Second Circuit Court of Appeals also recently ruled that a plaintiff could not sustain an independent negligence claim against an employer after the employer judicially admitted that its driver was an employee acting in the course and scope of the employer's employment. The Supreme Court of Louisiana granted a writ application in this case on December 21, 2021. *Martin v. Thomas*, 328 So. 3d 1164 (La. 2021). Therefore, controlling authority on this issue forthcoming. Until that time, this Court will decide this issue on the basis of *Erie R.R. Co. v. Tompkins*.

In addressing Phillips' arguments, although Phillips is correct that claims of negligent hiring, training, and supervision are stand-alone claims, these claims must be the proximate cause of injuries to the plaintiff. The fault of the employee that the employer allegedly negligently hired, trained, or supervised is necessary. When the employer stipulates that the employee is in the course and scope of employment with the employer at the time of the accident, the employer becomes vicariously liable for the employee's fault[6], and the allocation of fault to the employer no longer matters. The employer will be made to pay for plaintiff's damages regardless of whether it is found liable vicariously or directly. No matter how much the employer is at fault in hiring, training, or supervising an employee, the employer does not proximately cause damage to plaintiff unless the employee is at fault.

As noted by the Court in *Coffey v. Knight Refrigerated, LLC*, 2019 WL 5684258 (E.D. La., November 1, 2019), "this argument does not follow, because there is no need to allocate

---

[5] *Franco V. Mabe Trucking Co., Inc.*, 2018 WL 6072016 (W.D. La. November 20, 2018); *Vaughn v. Taylor*, 2019 WL 171697 (W.D. La. January 10, 2019); *Spiker v. Salter*, 2021 WL 5828031 (W.D. La., December 8, 2021); and *Litt v. Berkshire Hathaway Homestate Insurance*, 2022 WL 391496 (W.D. La., February 8, 2022).
[6] La. Civ. Code article 2320.

5

fault between the parties when plaintiff's vicarious liability claims make (the employer) entirely liable for (the employee's) alleged negligence."

### III. CONCLUSION

For the reasons set forth herein,

The Court finds the reasoning of AmGUARD, LLC, and Perez convincing, and therefore **GRANTS** their Motion for Partial Summary Judgment [Doc. No. 24]. LLC will remain a defendant to this proceeding due to the principal of vicarious liability.

MONROE, LOUISIANA, this 14th day of March 2022.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE**